## APPEAL OF DELAWARE TRUCKING CO.

Docket No. 3287.	Submitted August 12, 1925.	Decided April 16, 1926.

Evidence *held* insufficient to establish value of good will acquired in the purchase of a competing business.

*Myron H. Gray, Esq.*, for the taxpayer.
*B. H. Saunders, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, MORRIS, and LOVE.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1919 to 1921, inclusive. The notice of deficiency shows an overassessment of $124.06 for 1919; a deficiency of $1,232.77 for 1920, and no deficiency for 1921.

The only assignment of error is that the Commissioner erred in refusing to allow the taxpayer an item of good will in the sum of $8,680 as invested capital for the years mentioned.

### FINDINGS OF FACT.

The taxpayer is an Indiana corporation with its principal office at Muncie. Its business is trucking and storing all kinds of merchandise.

Prior to October 1, 1919, it was engaged in the same business, and prior to that date the Muncie Trucking Co., a partnership, had been engaged in the same business in the same town as a competitor of taxpayer.

The Muncie Co. and taxpayer catered to the same class of trade, labored under similar conditions, and, among the large patrons, such

as merchants and factories, each had its permanent patrons, but a certain element of patronage depended on solicitation and competition. The volume of business done by each company was approximately the same. The competition between the two companies was keen and sometimes decidedly unfriendly.

Pending negotiations for the purchase of the Muncie Co. prior to October 1, 1919, the Delaware Trucking Co. increased its authorized capital stock from $10,000 to $50,000.

On October 1, 1919, the taxpayer purchased the business of the Muncie Co., paying therefor $15,000 in stock of the taxpayer corporation, and the Muncie Co. went out of business.

A rough inventory and appraisement of the tangible assets of the Muncie Co., taken at the time of purchase, placed a value thereon of approximately $6,300. H. L. Oliver, who had theretofore owned all the stock of the Delaware Trucking Co., in the purchase of the Muncie Co., did not attempt to segregate the tangible from the intangible assets in that purchase. His main purpose was to get rid of his competitor. In the recapitalization, Oliver received a stock dividend of $25,000.

At no time had any of the stock of taxpayer been offered for sale or sold.

The dividends paid by the taxpayer subsequent to the purchase of the Muncie Co. were as follows:

|  | Per cent. |
|---|---|
| 1920 | 12 |
| 1921 | 8 |
| 1922 | 12 |
| 1923 | 24 |

By reason of the purchase of additional real estate in 1924, no dividends were declared that year. There had been no dividends declared on the Delaware Trucking Co. stock prior to 1919, but from 1913 to 1919 the accumulated surplus amounted to approximately $25,000, against which a stock dividend was issued, as set out above.

### OPINION.

LOVE: The Commissioner does not contest any item except the part of the $15,000 paid in stock for the Munice Co. business in excess of the $6,300 allowed by him as the value of the tangible assets. Taxpayer claims the other $8,700 as the value of good will purchased. The Commissioner denies that there was any valuable good will.

An analysis of the facts in this appeal discloses that no evidence was submitted in regard to the value of the good will included in the assets of the Muncie Co.

It will be noted that the Delaware Trucking Co., with a capital stock of $10,000 from 1913 to 1919, a period of six years, accumu-

lated a surplus of $25,000; that is, an average of $5,000 per annum. equal to 50 per cent per annum. After the purchase of the Muncie Co., and after the increase of capital stock to $50,000, it declared a dividend of 12 per cent the first year, 8 per cent the second year. 12 per cent the third year, and 24 per cent the fourth year, an average of 14 per cent; that is, an average of $7,000 per annum. There was no evidence of prior earnings of the Muncie Co.

It is true that, by taking over the business of the Muncie Co., the taxpayer may have acquired some of the former business and patronage of that company which had a value aside from the tangible assets, but the evidence is too indefinite to fix a value. The burden is upon the taxpayer to establish the actual cash value of the intangible property, but it has failed to furnish sufficient factors upon which we can make a determination of such value, so we must approve the determination of the Commissioner.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*